Paul M. Levine (007202)
Matthew A. Silverman (018919)
Jessica R. Kenney (026615)
**McCarthy ◆ Holthus ◆ Levine**
3636 North Central Avenue
Suite 1050
Phoenix, AZ 85012
Telephone: (602) 230-8726

Attorney for Movant,
Aurora Loan Services, LLC its assignees and/or successors

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

PHOENIX DIVISION

| | |
|---|---|
| In re:<br><br>Mike Zitta and<br>Irena Zitta,<br><br>    Debtors.<br><br>Aurora Loan Services, LLC, its assignees and/or successors in interest,<br><br>    Movant,<br><br>v.<br><br>Mike Zitta and Irena Zitta, Debtors,<br><br>    Respondents. | ) In Proceedings Under<br>) Chapter 11<br>)<br>) Case No. 2:09-bk-19154-SSC<br>)<br>) **SUPPLEMENTAL DECLARATION IN**<br>) **SUPPORT OF MOTION FOR RELIEF**<br>) **FROM THE AUTOMATIC STAY** |

I, _W. Rex Phillips_, declare and state as follows:

1. As to the following facts, I know them to be true of my own personal knowledge, and if called upon to testify in this action, I could and would testify competently thereto.

2. I am employed by Aurora Loan Services, LLC as servicing agent for Aurora Loan Services, LLC, Movant herein, and am familiar with the subject Deed of Trust and loan in favor of Movant herein, and the subject Bankruptcy case.

3. I am familiar with the manner and procedure by which the records of Aurora Loan Services, LLC are obtained, prepared, and maintained. Those records are obtained, prepared, and maintained by employees or agents at Aurora Loan Services, LLC in the performance of their regular business duties at or near the time, act, conditions, or events recorded thereon. The records are made either by persons with knowledge of the matters they record or from information obtained by persons with such knowledge. It is my business practice to maintain these records in the regular course of business.

4. The subject real property securing the Deed of Trust loan is commonly known as 8357 West Mytrle Avenue, Glendale, AZ 85305, and legally describe as follows:

> Lot 16, ROVEY FARM ESTATES SOUTH, according to Book 611, of Maps, Page 4, records of Maricopa County, Arizona.

5. Movant is the payee of a Promissory Note dated 06/12/2007, in the principal amount of $335,200.00, which is secured by the Deed of Trust of the same date, and recorded in the Official Records of Maricopa County, on 06/14/2007. True and correct copies of the Note and Deed of Trust, together with any Assignments of record are attached hereto as **Exhibits 1**, **2** and **3** respectively.

6. The Debtor filed the subject bankruptcy petition on 08/11/2009.

7. Movant uses the standard practices of the mortgage lender industry. A payment received is applied to the account and credited to the next due payment. For example, a payment received in December will be applied to the November payment if no payment had been received in November.

8.  With respect to Movant s Deed of Trust, the following is now due:

POST PETITION DELINQUENCIES:

| | | | |
|---|---|---|---|
| Monthly Payments: 2 at $1,807.17 | | $ | 3,614.34 |
| (09/09 through 10/09) | | | |
| Bankruptcy Attorney Fee: | | $ | 550.00 |
| Bankruptcy Filing Fee: | | $ | 150.00 |
| Total Delinquencies: | | $ | 4,314.34 |

9.  The next scheduled monthly payment is due November 1, 2009 and continuing each month thereafter. Late charges are due on the 15th day of each month if payment is not received by the 15th of the month when due.

10. A Notice of Trustee Sale was published on 6/01/2009. The foreclosure sale was originally scheduled for 8/31/2009. The next scheduled foreclosure sale date is 10/29/2009.

13. The current market value of the Debtor s subject Property is $180,000.00, based upon the appraisal dated 5/29/2009, prepared by Jake Wright, a copy of which is attached hereto as **Exhibit 4**.

12. Movant is informed and believes, and alleges thereon that the value of the property does not exceed $180,000.00. Based upon Secured Creditors past practices, it is expected that the cost of sale of the property will be at least eight to ten percent of the value of the property.

13. In the present case, the Debtor has little or no equity in the Property, as evidenced by the approximate market value compared to the total liens against the Property, principally that of Movant herein and the other liens as noted in this Motion.

| | | |
|---|---|---|
| Value | $ | 180,000.00 |
| Total Liens to Secured Creditor | $ | 369,334.77 |
| Less 8% Cost of Sale | $ | 14,400.00 |
| Equity | $ | (203,734.77) |

14. Based on the foregoing, Movant alleges that there is no equity in the subject Property, the subject Property is not necessary for an effective reorganization, and Movant is not adequately protected.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed  11/11/09  , (date).

*W. Rex Phillips*