Matthew A. Silverman (018919)
Jessica R. Kenney (026615)
**McCarthy ◆ Holthus ◆ Levine**
3636 North Central Avenue
Suite 1050
Phoenix, AZ 85012
(602) 230-8726

Attorneys for Movant,
HSBC Bank USA N.A, its assignees and/or successors,

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

PHOENIX DIVISION

| | |
|---|---|
| In re:<br><br>Mike Zitta,<br>Irena Zitta,<br><br>          Debtors.<br>_____<br>HSBC Bank USA N.A, its assignees and/or successors,<br><br>          Movant,<br>  v.<br><br>Mike Zitta, Irena Zitta, Debtors;<br><br>          Respondents. | In Proceedings Under<br><br>Chapter 11<br><br>Case No. 2:09-BK-19154-SSC<br><br>**AMENDED MOTION FOR RELIEF FROM AUTOMATIC STAY; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES** |

     HSBC Bank USA N.A. ("Movant"), by and through its undersigned attorney, moves for termination of all stays and injunctions, pursuant to 11 U.S.C. § 362(d), 11 U.S.C. § 105, Bankruptcy Rules 4001 and 9014 and Local Rule 4001, regarding the real property generally described as 4704 East Matt Dillon Trail, Cave Creek, AZ 85331.

     The relief requested in this Amended Motion is proper for all of the reasons set forth in the Memorandum of Points and Authorities attached hereto and incorporated herein by this

File No. AZ09-48476                             1                         Case No. 2:09-BK-19154-SSC
Motion For Relief From Automatic Stay
Case 2:09-bk-19154-SSC    Doc 67    Filed 12/08/09    Entered 12/08/09 09:04:27    Desc
Main Document      Page 1 of 11

1 | reference.
2 | DATED: December 8, 2009

**McCarthy ♦ Holthus ♦ Levine**

By: /s/ Matthew A. Silverman
Matthew A. Silverman, Esq.
3636 North Central Avenue
Suite 1050
Phoenix, AZ 85012
Attorneys for Movant

## MEMORANDUM OF POINTS AND AUTHORITIES

1. On or about 08/11/2009, Debtors filed a Voluntary Petition under Chapter 11 of the Bankruptcy Code. Pursuant to 11 U.S.C. § 362, the Petition stays the commencement or continuation of any proceedings against the Debtors or any act to obtain possession of any property of the Debtors or to enforce any lien against any property of the Debtors.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1334. The filing of this Motion commences a contested matter within the meaning of Bankruptcy Rule 9014.

3. On or about 01/16/2008, Movant entered into a contract with Mike Zitta and Irena Zitta wherein Debtors agreed to pay the amount of $1,931.38, or more, on or before the first day of every month, beginning on or about 03/01/2008. The obligation is evidenced by a Note and secured by a Deed of Trust. **See Exhibit "1"**.

4. The Deed of Trust was timely and duly recorded and perfected in accordance with Arizona law as Recorders No. 20080058016 in the office of the Maricopa County Recorder.

5. HSBC Bank USA N.A. is the holder of the Note that is Secured by the Deed of Trust and is the real party in interest.

6. The original principal amount of the Note was $294,000.00, plus interest, costs and attorneys' fees for collection. Currently, but for the defaults in acceleration, the monthly payment pursuant to the Note would be $2,114.90.

7. The Debtors have failed to make monthly payments, beginning with the month of 03/01/2009, and all subsequent payments, costs, attorneys' fees, interest and accruing late charges. Debtors have been in default for 6 months.

File No. AZ09-48476     3     Case No. 2:09-BK-19154-SSC
Motion For Relief From Automatic Stay
Case 2:09-bk-19154-SSC    Doc 67    Filed 12/08/09    Entered 12/08/09 09:04:27    Desc
Main Document     Page 3 of 11

8. As of 10/29/2009, the amount required to fully reinstate the Debtors' loan is approximately $11,829.02 , itemized as follows:

| | | | | | |
|---|---|---|---|---|---|
| Unpaid Principal Balance: | | | | $ | 290,940.75 |
| DELINQUENCIES: | | | | | |
| Monthly Payments: (03/09 through 06/09) | 4 | at | $1,649.72 | $ | 6,598.88 |
| Monthly Payments: (07/09 through 08/09) | 2 | at | $1,737.45 | $ | 3,474.90 |
| Late Charges: | | | | $ | 367.85 |
| Property Inspections: | | | | $ | 50.00 |
| Escrow Advances: | | | | $ | 687.39 |
| Bankruptcy Attorney Fee: | | | | $ | 500.00 |
| Bankruptcy Filing Fee: | | | | $ | 150.00 |
| Total Delinquencies: | | | | $ | 11,829.02 |
| Total Amount Due to Secured Creditor: | | | | $ | 302,769.77 |

9. Pursuant to the Note, Movant has declared the entire unpaid balance of principal and accrued interest, plus all other amounts owed, to be immediately due and payable. As of 10/29/2009, the principal amount owing on the Note secured by the Trust Deed is $302,769.77.

10. Movant has performed all of its obligations required under the Note and Deed of Trust, and all conditions precedent to the Debtors' performance there under have occurred.

## MOVANT IS NOT ADEQUATELY PROTECTED

11. Movant is not adequately protected. Movant is not receiving regular monthly payments from the Debtors, and is unfairly delayed from proceeding with the foreclosure of the subject Property. Accordingly, relief from the automatic stay should be granted to Movant pursuant to 11 U.S.C. § 362(d)(1).

## DEBTORS HAVE NO EQUITY IN THE PROPERTY AND
## THE PROPERTY IS NOT NECESSARY FOR AN EFFECTIVE REORGANIZATION

12. Pursuant to 11 U.S.C. § 362 subd. (d)(2), Movant is entitled to relief from the automatic stay to enforce its lien if Debtors have no equity, and the Property is not necessary for an effective reorganization. Unless a reorganization is contemplated and feasible, a creditor is

File No. AZ09-48476     4     Case No. 2:09-BK-19154-SSC
Motion For Relief From Automatic Stay
Case 2:09-bk-19154-SSC   Doc 67   Filed 12/08/09   Entered 12/08/09 09:04:27   Desc
Main Document     Page 4 of 11

1. entitled to relief from the automatic stay if the Debtors have no equity in the Property. In Re Diplomat Electronics Corp., B.R. 688 (Bank S.D.N.Y. 1988).

13. The Moving Party further seeks relief in order to, at its option, offer, provide and enter into any potential forbearance agreement, loan modification, refinance agreement or other loan workout/loss mitigation agreement. The Movant may contact the Debtor via telephone or written correspondence to offer such an agreement. Any such agreement shall be non-recourse unless included in a reaffirmation agreement.

14. Movant requesting relief from the stay has the burden of proof on only one issue. That is the issue of the Debtors' equity in the Property. On all other issues, any party opposing relief has the burden of proof. 11 U.S.C. § 362(g). Unless a party opposing relief produces evidence on these points, Movant is entitled to relief without presenting any evidence whatsoever. Gauvin v. Wagner (In re Gauvin), 8 C.B.C. 2nd 359, 361; 10 BCD 219; 24 B.R. 578 (9th Cir. BAP 1982). Moreover, if a party opposing relief alleges that an "equity cushion" furnishes adequate protection, then that party must produce evidence and carry the burden of proof even on the issue of equity. Id.

15. Upon information and belief, the Debtors have no equity in the subject Property and the subject Property is not necessary for an effective reorganization.

16. The current market value of the Debtors' subject Property is $250,000.00, based upon a current Brokers Price Opinion, dated 10/28/2009. **See Exhibit "2".**

17. In determining whether there is equity, all encumbrances on the Property, including costs and attorney's fees, must be considered. In Re McCall, 25 B.R. 199 (Bank E.D. PA 1982). In addition, the valuation assigned to the subject Property must be reduced by an amount sufficient to cover the creditor's estimated cost of liquidating the property. La Jolla Mortgage Fund v. Rancho El Cajon Associates (In re Rancho El Cajon Associates), 18 B.R. 283 (Bank. S.D. Cal. 1982).

18. In the present case, the Debtors have little or no equity in the Property, as evidenced by the approximate market value compared to the total liens against the Property, principally that of Movant herein and the other liens as noted in this Motion.

|   |   |   |   |
|---|---|---|---|
| Value | $ | 250,000.00 |
| Total Liens to Secured Creditor | $ | 302,769.77 |
| Less 8% Cost of Sale | $ | 20,000.00 |
| Equity | $ | (72,769.77) |

19. Based on the foregoing, Movant alleges that there is no equity in the subject Property and the Property is not necessary for an effective reorganization. Accordingly, relief from the automatic stay should be granted to Movant pursuant to 11 U.S.C. § 362(d)(2).

20. A Notice of Trustee's Sale was recorded on 07/23/2009, and the foreclosure sale was scheduled for 10/22/2009. Due to the filing of the instant bankruptcy petition the foreclosure sale has been postponed to 11/05/2009.

21. Movant sent notice as required by Local Rule 4001-1(b).

## **CONCLUSION**

1. Movant's claim is in default and unpaid by the Debtors.
2. Movant's only form of redress is to look to the secured property.
3. Costs, attorneys' fees and interest continue to mount on Movant's claim, thus completely eroding any and all equity that may be claimed by Respondent.
4. This property is not required for any reorganization.
5. Movant is not adequately protected.
6. Movant is a secured creditor who is at dangerous peril of becoming undersecured as a result of the stays which enjoin Movant from foreclosing its lien. Therefore, pursuant to 11 U.S.C. § 362(d)(2), this Amended Motion should be granted to avoid further erosion of Movant's secured lien position.

## **REQUEST FOR RELIEF**

WHEREFORE, Movant requests that the Court enter its Order granting the following relief:

1.     A. Terminating all stays and injunctions including, but not limited to, the automatic stays under Bankruptcy Code § 362(a)(2) and 105 with respect to the property which is described herein as to the Movant only;

2.     B. For Movant's reasonable attorneys' fees and costs and interest herein incurred and expended; and

3.     C. For such other and further relief as the Court deems just and equitable.

DATED: December 8, 2009

**McCarthy ◆ Holthus ◆ Levine**

By: /s/ Matthew A. Silverman
    Matthew A. Silverman, Esq.
    3636 North Central Avenue
    Suite 1050
    Phoenix, AZ 85012
    Attorneys for Movant

File No. AZ09-48476      7      Case No. 2:09-BK-19154-SSC
Motion For Relief From Automatic Stay
Case 2:09-bk-19154-SSC   Doc 67   Filed 12/08/09   Entered 12/08/09 09:04:27   Desc
Main Document     Page 7 of 11

On December 8, 2009, I served the foregoing documents described as **AMENDED MOTION FOR RELIEF FROM AUTOMATIC STAY; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES** on the following individuals by electronic means through the Court's ECF program:

COUNSEL FOR DEBTORS
Joseph W. Charles
attyjcharles@joecharles.com

**I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.**

/s/ Darco Turcu

On December 8, 2009, I served the foregoing documents described as **AMENDED MOTION FOR RELIEF FROM AUTOMATIC STAY; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES**, on the following individuals by depositing true copies thereof in the United States mail at San Diego, California, enclosed in a sealed envelope, with postage paid, addressed as follows:

UNITED STATES TRUSTEE
230 North First Avenue, Suite 204
Phoenix, AZ 85003-1706

COUNSEL FOR DEBTORS
JOSEPH W. Charles
P.O. Box 1737
Glendale, AZ 85311-1737

DEBTORS
Mike Zitta
15592 West Roanoke Avenue
Goodyear, AZ 85395

Irena Zitta
15592 West Roanoke Avenue
Goodyear, AZ 85395

///

///

| | |
|---|---|
| 1 | SPECIAL NOTICE |
| 2 | Aurora Loan Services<br>P.O. Box 78111 |
| 3 | Phoenix, AZ 85062-8111 |
| 4 | Bank of America Home Loans |
| 5 | 450 American Street<br>Simi Valley, CA 93065-6298 |
| 6 | |
| 7 | Chase Bank<br>800 Brooksedge Boulevard |
| 8 | Westerville, OH 43081 |
| 9 | Chase Cardmember Services |
| 10 | P. O. Box 94014<br>Palatine, IL 60094-4014 |
| 11 | |
| 12 | Citi Mortgage Company Inc.<br>P.O. Box 6006 |
| 13 | The Lakes, NV 88901 |
| 14 | Citi Platinum Select Card |
| 15 | P. O. Box 6000<br>The Lakes, NV 89163-6000 |
| 16 | |
| 17 | David and Norma Jalapa<br>4031 South Soboba Street |
| 18 | Gilbert, AZ 85297 |
| 19 | David Schwegert |
| 20 | 5100 East Bluejay Lane<br>Flagstaff, AZ 86004 |
| 21 | |
| 22 | Gina Carifo<br>4704 East Matt Dillon Trail |
| 23 | Cave Creek, AZ 85331 |
| 24 | HSBC Mortgage Corporation |
| 25 | Suite 0241<br>Buffalo, NY 14270-0241 |
| 26 | |
| 27 | Iris Glass<br>8357 West Myrtle Avenue |
| 28 | Glendale, AZ 85305 |
| 29 | /// |

| | |
|---|---|
| 1 | Melissa and Tony Esposito |
| 2 | 23062 North 103rd Lane |
|   | Peoria, AZ 85383 |
| 3 | |
| 4 | Sam's Club Discover |
|   | P. O. Box 960013 |
| 5 | Orlando, FL 32896-0013 |
| 6 | Sears Credit Cards |
|   | P. O. Box 688957 |
| 7 | Des Moines, IA 50368-8957 |
| 8 | |
|   | Sheila and Jason Brumfield |
| 9 | 13371 West Chaparosa Way |
| 10 | Peoria, AZ 85383 |
| 11 | Sheree Timmons |
|    | 11006 West Madison Avenue |
| 12 | Avondale, AZ 85323 |
| 13 | |
|    | Taylor Bean and Whitaker |
| 14 | 1417 North Magnoia Avenue |
| 15 | Ocala, FL 34475-9078 |
| 16 | U.S. Bank |
|    | P. O. Box 790408 |
| 17 | Saint Louis, MO 63179-0408 |
| 18 | |
|    | Wells Fargo Bank |
| 19 | P. O. Box 6010 |
| 20 | Hagerstown, MD 21741 |
| 21 | Wells Fargo Home Mortgage |
|    | P.O. Box 30427 |
| 22 | Los Angeles, CA 90030-0427 |
| 23 | |
|    | BAC Home Loans Servicing, LP |
| 24 | 20750 Ventura Blvd #100 |
| 25 | Woodland Hills, CA 91367 |
| 26 | /// |
| 27 | /// |
| 28 | /// |
| 29 | |

| | |
|---|---|
| 1 | Recovery Management Systems Corporation |
| 2 | 25 SE 2nd Avenue, Suite 1120 |
|   | Miami, FL 33131-1605 |

**I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.**

                                                      /s/ Thomas Rodriguez