**JOSEPH W. CHARLES, P.C.**
5704 West Palmaire Avenue
P.O. Box 1737
Glendale, Arizona 85311-1737
Phone: (623) 939-6546
Fax:   (623) 939-6718
attyjcharles@joe charles.com

JOSEPH W. CHARLES
State Bar No. 003038
Attorney for Debtors

# IN THE UNITED STATES BANKRUPTCY COURT

# DISTRICT OF ARIZONA, PHOENIX DIVISION

| | |
|---|---|
| In re: | |
| MIKE ZITTA and IRENA ZITTA, | Case No. 2:09-BK-19154-SSC |
| | Chapter 11 |
| Debtors. | |
| AURORA LOAN SERVICES, LLC, its assignees and/or successors, | MOTION TO SET ASIDE ORDER |
| Movant, | |
| vs. | RE: Real Property Located at 8357 West Mytrle Avenue, Glendale, AZ 85305. |
| MIKE ZITTA, IRENA ZITTA, Debtors; | |
| Respondents. | |

COMES NOW the debtors, MIKE ZITTA and IRENA ZITTA, by and through counsel undersigned, and hereby moves this Court, pursuant to the provisions of Rules 60(b)(1) and 60(b)(6) of the Federal Rules of Civil Procedure, to set aside the Order dated January 11, 2010 and recorded as docket number 90 for the reason that

1

the Proof of Service of Notice Setting Preliminary Hearing on Motion for Relief From Automatic Stay (docket number 70) was either overlooked or not received by Debtor's counsel. Additionally, the underlying Motion is believed to be defective. Most importantly, the property is critical to the reorganization of Debtor's business activities.

This Motion is supported by the accompanying Memorandum of Points and Authorities.

RESPECTFULLY SUBMITTED this 22nd day of January, 2010.

JOSEPH W. CHARLES, P.C.

    /s/ Joseph W. Charles
Joseph W. Charles
5704 W. Palmaire Ave.
P.O. Box 1737
Glendale, Arizona 85311
Attorney for Debtors

**MEMORANDUM OF POINTS AND AUTHORITIES**

**1. Introduction.**

Debtors are in the business of renting single family homes in Arizona. Debtors currently have 7 properties utilized for this purpose. The property in question located at 8357 West Mytrle Avenue, Glendale, AZ 85305 is one of those 7 rental properties. The recent economic downturn has caused debtors to lower rents in order to match the new market rates, lose tenants through nonpayment, and suffer negative equity in many properties. Debtors believe that, with Chapter 11 protection, the loans can

be adjusted to make the properties profitable again. Reorganization will both save the business and preserve the value in the homes.

Debtors responded to the Movant's Motion for Relief from Stay on October 19, 2009. This is demonstrated in docket number 31. However, a hearing was held on January 6, 2010 and Debtor's counsel was not present. A notice of the hearing was docketed on December 9, 2009. The filed notice claims that a copy was sent to Debtor's Counsel Mr. Charles through his e-mail. It is unknown at this time if this e-mail was successfully transmitted. If it was transmitted, it did not get properly calendared or assigned within Debtor's Counsel's office.

**2. Argument.**

**A. The Order Should Be Set Aside Under Rule 60(b)(1) Based On Mistake, Inadvertence, Or Excusable Neglect.**

It is unknown exactly why this hearing was not calendared within Counsel's office. Regardless of the precise reason for missing the hearing, it was certainly inadvertent and Debtor's Counsel would have attended the hearing if the email was properly transmitted and processed. Mr. Charles testifies to this in his affidavit attached to this Motion as Exhibit "A".

To the extent that the Court finds that the hearing was not attended due to mistake, inadvertence, or excusable neglect; Debtors respectfully ask the Court to exercise its discretion and set aside the Order. Debtor's suggest that a new hearing date be set to allow the Court to make a decision based on the merits.

**B. The Order Should Be Set Aside Because The Underlying Motion Is Defective.**

Local Bankruptcy Rule 4001-1(a) states in the second sentence, "[t]he caption shall contain a brief description of the property, and the nature of the relief requested." The Motion submitted to the Court did not identify the property in the caption in any way. The Movant is identified, but said Movant is the creditor of two different properties in Debtor's case. A copy of the Motion is attached as Exhibit "B".

Debtor's Attorney believes that the notice was likely inadvertently deleted. However, it is possible that the combination of a missing property description and Aurora Loan Services being the Movant on two different properties created problems for Debtor's attorneys that caused the failure to attend the hearing.

**D. The Order Should Be Set Aside Because Retention Of The Properties Is Absolutely Critical To Debtor's Reorganization.**

Debtors are in bankruptcy not because they led a lavish lifestyle or because of any absurd business decision, but because of the pervasive economic downturn. The downturn has hit the real estate industry particularly hard as most people are aware of. Both the rental rates and the home values in the Phoenix area have suffered tremendous injury.

Debtors require mortgage modifications to lower the overhead of renting the homes. When the mortgages are modified, Debtors will be able to rent them out at competitive rates and the creditors will receive their payments. This arrangement is

best for all parties involved as the property's value will be preserved as much as possible.

Without this home, Debtor's future business prospects are diminished. Each property is critical to maintain a sufficient risk spread. It is normal in the rental business to have properties empty from time to time. With fewer properties, a single vacancy results in a relatively stronger impact to the business as a whole. Thus, allowing even one or two properties to go to Trustee's Sale jeopardizes the business as a whole and is contrary to the purpose of Chapter 11 bankruptcies.

**3. Conclusion.**

Debtors have provided the Court with 3 independent Grounds upon which to set aside the Order. Debtors respectfully request that the order be set aside so that a new hearing may be scheduled so that the issue may be decide upon on the merits of the case.

RESPECTFULLY SUBMITTED this 22nd day of January, 2010.

          JOSEPH W. CHARLES, P.C.

          By /s/ Joseph W. Charles
             JOSEPH W. CHARLES
             5704 W. Palmaire Avenue
             P.O. Box 1737
             Glendale, Arizona 85311
             Attorney for Debtors

| 1 | COPY of the foregoing mailed this 22nd day of January, 2009, to: |
| --- | --- |
| 2 | |
| 3 | Matthew A. Silverman |
| 4 | Jessica R. Kenney<br>McCarthy Holthus Levine |
| 5 | 3636 N. Central Avenue<br>Suite 1050 |
| 6 | Phoenix, AZ 85012<br>Attorney for Movant |
| 7 | |
| 8 | By: /s/ C. Short |