DAVID E. McALLISTER (AZ SBN 021551)
JOSEPHINE E. PIRANIO (AZ SBN 020630)
BRIAN PAINO (AZ SBN 027091)
PITE DUNCAN, LLP
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933
Telephone: (858) 750-7600
Facsimile: (619) 590-1385
jsalmon@piteduncan.com

Attorneys for AURORA LOAN SERVICES, LLC

UNITED STATES BANKRUPTCY COURT

DISTRICT OF ARIZONA - PHOENIX DIVISION

| | |
|---|---|
| In re<br><br>MIKE ZITTA AND IRENA ZITTA,<br><br>Debtor(s). | Case No. 2:09-bk-19154-SSC<br><br>Chapter 11<br><br>MOTION FOR RELIEF FROM AUTOMATIC STAY<br>(11 U.S.C. § 362 and Bankruptcy Rule 4001) |
| AURORA LOAN SERVICES, LLC,<br><br>Movant,<br><br>vs.<br><br>MIKE ZITTA AND IRENA ZITTA,<br>Debtor(s);<br><br>Respondents. | |

TO THE RESPONDENTS NAMED ABOVE:

    Aurora Loan Services, LLC ("Movant"), respectfully represents as follows:

/././

/././

/././

- 1 -

## RELIEF FROM STAY - CAUSE

## FAILURE TO MAKE PAYMENTS

1. This court has jurisdiction over the subject matter of this Motion pursuant to the provisions of 28 United States Code §§ 157 and 11 United States Code § 362.

2. On or about August 11, 2009, Mike Zitta and Irena Zitta ("Debtors") filed a voluntary petition under Chapter 11 of the Bankruptcy Code.

3. On or about June 12, 2007, Mike Zitta (the "Borrower"), for valuable consideration, made, executed and delivered to Aegis Wholesale Corporation ("Lender") a Note in the principal sum of $275,740.00 (the "Note"). Pursuant to the Note, Borrower is obligated to make monthly principal and interest payments commencing August 1, 2007, and continuing until July 1, 2037, when all outstanding amounts are due and payable. A true and correct copy of the Note is attached hereto as exhibit A and incorporated herein by reference.

4. Subsequently, Lender specially indorsed the Note to Movant. As Movant is currently in rightful possession of the specially indorsed Note, Movant qualifies as the Note holder with standing to prosecute the instant Motion

5. On or about June 12, 2007, Borrower made, executed and delivered to Lender a Deed of Trust (the "Deed of Trust") granting Lender a security interest in the certain real property located at 13371 West Chaparosa Way, Peoria, Arizona 85383 (hereinafter "Real Property"), which is more fully described in the Deed of Trust. The Deed of Trust provides that attorneys' fees and costs incurred as a result of the Debtors' bankruptcy case may be included in the outstanding balance under the Note. The Deed of Trust was recorded on June 22, 2007, in the Official Records of Maricopa County, State of Arizona. A true and correct copy of the Deed of Trust is attached hereto as exhibit B and incorporated herein by reference.

6. Subsequently, Lender's beneficial interest in the Deed of Trust was sold, assigned and transferred to Movant. A true and correct copy of the Corporation Assignment of Deed of Trust evidencing the Assignment of the Note and Deed of Trust to Movant is attached hereto as exhibit C and incorporated herein by reference.

/././

7. The Debtors are in default of their obligations under the Note for failure to make payments as of March 1, 2009. As of January 11, 2010, the total amount owing under the Note is the approximate sum of $318,626.88, representing the principal balance of $289,340.54, interest in the sum of $12,780.06, late charges in the amount of $185.25, escrow advances in the amount of $4,409.88, and a recoverable balance in the amount of $1,802.35. Further, Movant has incurred additional attorneys' fees and costs in bringing the instant Motion. Moreover, the total arrears under the Note are in the approximate sum of $25,311.58, excluding the attorneys' fees and costs incurred in filing the instant Motion. This is an approximate amount for purposes of this Motion only, and should not be relied upon as such to pay off the subject loan as interest and additional advances may come due subsequent to the filing of the Motion. An exact payoff amount can be obtained by contacting Movant's counsel.

8. The Debtors are obligated to make all post-petition payments owing on the Note directly to Movant. However, Movant has not received the post-petition payments owing for September 1, 2009 through March 1, 2010. Accordingly, the post-petition arrears owing under the Note are in the approximate sum of $11,526.19, consisting of seven (7) payments in the amount of $1,593.67 each, and post-petition late fees in the amount of $370.50, excluding the attorneys' fees and costs incurred in filing the instant Motion.

9. A debtor's failure to make payments as they become due in a Chapter 11 case constitutes "cause" for relief from the automatic stay pursuant to 11 United States Code § 362(d)(1). Accordingly, as the Debtors have failed to make payments under the Note, Movant is entitled to relief from the automatic stay pursuant to 11 United States Code § 362(d)(1).

**RELIEF FROM STAY**

**LACK OF EQUITY**

10. Movant is informed and believes that, based on a Broker's Price Opinion, the fair market value of the Property as of January 25, 2010, is approximately $210,000.00. A true and correct copy of the Broker's Price Opinion is attached hereto as exhibit D and incorporated herein by reference.

/././

11. Based on the above, under the best case scenario, Movant is informed and believes that the equity in the Real Property is as follows:

| | |
|---|---:|
| Fair Market Value: | $210,000.00 |
| Less: | |
| Movant's 1st Trust Deed | $318,626.88 |
| Costs of Sale (8%) | 16,800.00 |
| Equity in the Property: | $<125,426.88> |

As a result, there is no equity in the Real Property to be realized by the Debtors or the bankruptcy estate. Further, as the Debtors are unable to service the debt on the Real Property, Movant contends that the Real Property is not necessary for an effective reorganization. Therefore, Movant is entitled to relief from stay under 11 United States Code § 362(d)(2).

12. If Movant is not allowed to regain possession of and to foreclose on the Real Property it will suffer irreparable injury, loss and damage.

## RELIEF FROM STAY - CAUSE

## ADEQUATE PROTECTION

13. Pursuant to the provisions of 11 United States Code §§ 361 and 362(d), Movant is entitled to adequate protection of its interest in the Real Property.

14. Movant submits the adequate protection in this case requires normal and periodic cash payments, as called for by the Note, plus the repayment of any and all delinquent amounts owed to Movant, including all attorneys' fees and costs incurred in the filing of this motion.

15. Movant is informed and believes that Debtors are presently unwilling or unable to provide adequate protection to the Movant and there is no probability that adequate protection can be afforded to Movant within a reasonable time.

16. By reason of the foregoing, Movant is entitled to relief from stay under 11 United States Code § 362(d)(1), based upon the failure of Debtors to provide adequate protection to Movant and to make payments.

/././

/././

/././

1   WHEREFORE, Movant respectfully prays for an Order of this court as follows:

2   i) Terminating the automatic stay of 11 United States Code § 362, as it applies to the enforcement by Movant of all of its rights in the Real Property under the Note and the Deed of Trust;

5   ii) Granting Movant leave to foreclose on the Real Property and to enforce the security interest under the Note and the Deed of Trust, including any action necessary to obtain possession of the Property;

8   iii) Permitting Movant to offer and provide Debtors with information re: a potential Forbearance Agreement, Loan Modification, Refinance Agreement, or other Loan Workout/Loss Mitigation Agreement and to enter into such agreement with Debtors;

11  iv) Alternatively, in the event this court declines to grant Movant the relief requested above, Movant requests that an Order for adequate protection be issued, requiring the Debtors to reinstate and maintain in a current condition all obligations due under the Note and Deed of Trust and all other deeds of trust encumbering the Real Property, including Debtors' obligations to pay when due (a) the monthly installments of principal and interest, as required under the Note; (b) tax/insurance obligations; and (c) any sums advanced by Movant on behalf of Debtors in order to protect Movant's interest in the Real Property, including all attorneys' fees and costs incurred in the filing of this motion;

19  v) That the attorneys' fees and costs incurred by Movant for filing the instant Motion be included in the outstanding balance of the Note as allowed under applicable non-bankruptcy law; and

/././
/././
/././
/././
/././
/././
/././

- 5 -

Case 2:09-bk-19154-SSC    Doc 114    Filed 03/05/10    Entered 03/05/10 17:45:27    Desc
Main Document    Page 5 of 7

1     vi)     For such other and further relief as the court deems just and proper.

Dated: March 5, 2010                     PITE DUNCAN, LLP

/s/ JES 020630
JOSEPHINE E. PIRANIO
Attorneys for Movant
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933
Telephone: (858) 750-7600
Facsimile: (619) 590-1385

Copies of the foregoing mailed
March 5, 2010, to:

Mike Zitta
Irena Zitta
15592 West Roanoke Avenue
Goodyear, AZ 85395
(Debtors)

Joseph W. Charles
Law Offices of Joseph W. Charles, P.C.
P.O. Box 1737
Glendale, AZ 85311-1737
(Debtor(s) Attorney)

Department of Justice
District of Arizona - Phoenix Division
230 North First Avenue, Suite 204
Phoenix, AZ 85003
(U.S. Trustee)

Chase Cardmember Services
P.O. Box 94014
Palatine, IL 60094-4014

Citi Platinum Select Card
P.O. Box 6000
The Lakes, NV 89163-6000

Sam's Club Discover
P.O. Box 960013
Orlando, FL 32896-0013

/./../

| | |
|---|---|
| 1 | Sears Credit Cards |
| 2 | P.O. Box 688957<br>Des Moines, IA 50368-8957 |
| 3 | |
| 4 | U.S. Bank<br>P.O. Box 790408 |
| 5 | Saint Louis, MO 63179-0408 |
| 6 | Wells Fargo Bank |
| 7 | Merchant Services<br>P.O. Box 6010 |
| 8 | Hagerstown, MD 21741<br>(Unsecured Creditors) |