Loan No
Borrower  MIKE ZITTA

*I hereby certify this to be a true and correct copy of the original*

*By _____*
*UNIVERSAL LAND TITLE AGENCY, INC*

Data ID  255

# ADJUSTABLE RATE NOTE
MIN 100053030011751899

(Six-Month LIBOR Index (As Published In the Wall Street Journal) - Negative Amortization)

THIS NOTE PROVIDES FOR A CHANGE IN MY FIXED INTEREST RATE TO AN ADJUSTABLE INTEREST RATE  THIS NOTE LIMITS THE AMOUNT MY ADJUSTABLE INTEREST RATE CAN CHANGE AT ANY ONE TIME AND THE MAXIMUM RATE I MUST PAY  THIS NOTE ALLOWS MONTHLY PAYMENT OPTIONS FOR AN INITIAL PERIOD  THIS NOTE MAY REQUIRE UNPAID INTEREST TO BE ADDED TO LOAN PRINCIPAL AND REQUIRE ME TO PAY ADDITIONAL INTEREST ON THE UNPAID INTEREST (NEGATIVE AMORTIZATION)

| June 12, 2007 | PEORIA | ARIZONA |
|---|---|---|
| [Date] | [City] | [State] |

13371 WEST CHAPAROSA WAY
PEORIA, ARIZONA  85383
[Property Address]

## 1  BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U S  $ 275,740 00 (this amount is called "Principal"), plus interest, to the order of the Lender  Lender is **AEGIS WHOLESALE CORPORATION**  I will make all payments under this Note in the form of cash, check or money order

I understand that Lender may transfer this Note  Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder"

## 2  INTEREST

Interest will be charged on unpaid Principal until the full amount of Principal has been paid  I will accrue interest at a yearly rate of **8 3750 %**  The interest rate I will pay may change in accordance with Section 4 of this Note

The interest rate required by this Section 2 and Section 4 of this Note is the rate I will accrue both before and after any default described in Section 7(B) of this Note

## 3. PAYMENTS

### (A)  Time and Place of Payments

I will make my monthly payments on the first day of each month beginning on **August 1, 2007**  I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note  Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal, if any  If, on **July 1, 2037**, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date"

I will make my monthly payments at PO BOX 422039, HOUSTON, TX 77242-4239, or at a different place if required by the Note Holder

**MULTISTATE - 5-Year Option ARM Note - SIX-MONTH LIBOR INDEX (AS PUBLISHED IN THE WALL STREET JOURNAL)**   9/2006
**Form 663**
(Page 1 of 7 Pages)



# EXHIBIT A

INITIALS: _____

(B) **Amount of My Monthly Payments**

I will pay interest by making payments in the amount of U S $ 1,235 09 (the "Minimum Payment") every month until either (i) the first Interest Change Date set forth in Section 4(A), or (ii) payment of the Minimum Payment on my next scheduled payment date would cause my principal balance to exceed the Maximum Limit set forth in Section 3(D), whichever event occurs first (the "Option Period") Payment of the Minimum Payment amount will result in accrued but unpaid interest being added to Principal The unpaid Principal and any accrued but unpaid interest will then accrue additional interest at the rate then in effect This practice is known as negative amortization

After the expiration of the Option Period, I will pay interest by making payments in an amount sufficient to pay interest as it accrues every month until **July 1, 2017** (the "Interest Only Period") This amount will be determined by the Note Holder as set forth in Section 4(C) In addition, if I make payments of principal and/or accrued unpaid interest during the Interest Only Period, my monthly interest only payment amount will change and will be based on the remaining Principal and my then current interest rate

After the expiration of the Interest Only Period, I will pay principal and interest by making payments every month for the remaining term (the "Full Amortization Period") The amount of payments during the Full Amortization Period will be determined by the Note Holder as set forth in Section 4(C)

(C) **Additions to My Unpaid Principal**

During the Option Period, my monthly payment could be less than or greater than the amount of interest owed each month For each month that my monthly payment is less than the interest owed, the Note Holder will subtract the amount of my monthly payment from the amount of the interest portion and will add the difference to my unpaid Principal Interest will accrue on the amount of this difference at the interest rate required by Section 2 or Section 4 For each month that the monthly payment is greater than the interest portion, the Note Holder will apply the payment to interest before Principal

(D) **Limit on My Unpaid Principal, Increased Minimum Payment**

My unpaid Principal can never exceed the Maximum Limit equal to **115 %** of the Principal amount I originally borrowed If on any payment due date I would exceed the Maximum Limit by paying my Minimum Payment, then my monthly payment will be adjusted to an amount equal to the Interest Only Payment described in Section 3(E)(i) I will continue to pay that amount until the Interest Only Period expires

(E) **Additional Payment Options**

During the Option Period, the Note Holder may provide me with up to three (3) additional payment options (the "Payment Options") I will be eligible to select one of the Payment Options if it results in a larger monthly payment than my regular Minimum Payment I may be given the following Payment Options

(i) Interest Only Payment Pay only the amount that would pay the interest portion of the monthly payment at the current interest rate The Principal balance will not be decreased by this Payment Option and it is only available if the interest portion exceeds the Minimum Payment

(ii) Fully Amortized Payment Pay the amount necessary to pay the loan off (Principal and Interest) at the Maturity Date in substantially equal payments, at the then current interest rate

(iii) 15 Year Amortized Payment Pay the amount necessary to pay the loan off (Principal and Interest) within a fifteen (15) year term from the first payment due date in substantially equal payments, at the then current interest rate

These Payment Options are only applicable if they are greater than the Minimum Payment

INITIALS:
Case 2:09-bk-19154-SSC    Doc 10-1    Filed 03/05/10    Entered 03/05/10 17:45:27    Desc Exhibit A - Note    Page 2 of 8

## 5 BORROWER'S RIGHT TO PREPAY - Unless there is a Prepayment Penalty Rider attached

I have the right to make payments of Principal at any time before they are due A payment of Principal only is known as a "Prepayment" When I make a Prepayment, I will tell the Note Holder in writing that I am doing so I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount before applying my Prepayment to reduce the Principal amount of the Note If I make a partial Prepayment, there will be no changes in the due dates of my monthly payment unless the Note Holder agrees in writing to those changes

My partial Prepayment may reduce the amount of my monthly payments after the first Interest Change Date following my partial Prepayment However, any reduction due to my partial Prepayment may be offset by an interest rate increase

## 6 LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit, and (b) any sums already collected from me that exceeded permitted limits will be refunded to me The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me If a refund reduces Principal, the reduction will be treated as a partial Prepayment

## 7 BORROWER'S FAILURE TO PAY AS REQUIRED

### (A) Late Charges for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of 15 calendar days after the date it is due, I will pay a late charge to the Note Holder The amount of the charge will be 5 00 % of my overdue minimum payment during the option period, and of my overdue payment of interest during the period when my payment is interest only, and of principal and interest after that I will pay this late charge promptly but only once on each late payment

### (B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default

### (C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal that has not been paid and all the interest that I owe on that amount That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means

### (D) No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time

### (E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law Those expenses include, for example, reasonable attorneys' fees

MULTISTATE - 5-Year Option ARM Note - SIX-MONTH LIBOR INDEX (AS PUBLISHED IN THE WALL STREET JOURNAL) 9/2006
Form 663
(Page 4 of 7 Pages)

INITIALS:

Case 2:09-bk-19154-SSC   Doc 114-1   Filed 03/05/10   Entered 03/05/10 17:45:27   Desc Exhibit A - Note   Page 3 of 8

4. **ADJUSTABLE INTEREST RATE**

   (A) **Interest Change Dates**

   The interest rate I will pay will change on the first day of **July, 2012,** and the adjustable interest rate I will pay may change on that day every **6th** month thereafter  The date on which my interest rate changes is called an "Interest Change Date"

   (B) **The Index**

   Beginning with the first Interest Change Date, my interest rate will be based on an Index  The "Index" is the average of interbank offered rates for six month U S dollar-denominated deposits in the London market ("LIBOR"), as published in The Wall Street Journal  The most recent index figure available as of the first business day of the month immediately preceding the month in which the Interest Change Date occurs is called the "Current Index"

   If the Index is no longer available, the Note Holder will choose a new index that is based upon comparable information  The Note Holder will give me notice of this choice

   (C) **Calculation of Changes**

   Before each Interest Change Date, the Note Holder will calculate my new interest rate by adding **TWO and THREE/FOURTHS** percentage point(s) (**2.750 %**) to the Current Index  The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point (0 125%)  Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Interest Change Date

   The Note Holder will then determine the amount of my monthly payment  If the Interest Change Date occurs during the Interest Only Period, the new monthly interest only payment will be based on the unpaid Principal that I am expected to owe at the Interest Change Date and my new interest rate  If the Interest Change Date occurs during the Full Amortization Period, my new monthly payment will be in an amount sufficient to repay the unpaid Principal that I am expected to owe at the Interest Change Date at my new interest rate in substantially equal payments

   (D) **Limit on Interest Rate Changes**

   The interest rate I am required to pay at the first Interest Change Date will not be greater than **14 3750 %** or less than **2.7500 %**  Thereafter, my interest rate will never be increased or decreased on any single Interest Change Date by more than **TWO** percentage point(s) (**2.00 %**) from the rate of interest I have been paying for the preceding **6** months  My interest rate will never be greater than **14 3750 %**

   (E) **Effective Date of Changes**

   My new interest rate will become effective on each Interest Change Date  I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Interest Change Date until the amount of my monthly payment changes again

   (F) **Notice of Changes**

   The Note Holder will deliver or mail to me a notice of any changes in my interest rate and the amount of my monthly payment before the effective date of any change  The notice will include information required by law to be given to me and also the title and telephone number of a person who will answer any question I may have regarding the notice

**MULTISTATE - 5-Year Option ARM Note - SIX-MONTH LIBOR INDEX (AS PUBLISHED IN THE WALL STREET JOURNAL)**   9/2006
**Form 663**                                                                                                                                                     *(Page 3 of 7 Pages)*

INITIALS:

Case 2:09-bk-19154-SSC    Doc 104-1    Filed 03/05/10    Entered 03/05/10 17:45:27    Desc Exhibit A - Note    Page 4 of 8

## 8 GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address

Unless the Note Holder requires a different method, any notice that must be given to the Note Holder under this Note will be given by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address

## 9 OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note The Note Holder may enforce its rights under this Note against each person individually or against all of us together This means that any one of us may be required to pay all of the amounts owed under this Note

## 10 WAIVERS

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor "Presentment" means the right to require the Note Holder to demand payment of amounts due "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid

## 11 UNIFORM SECURED NOTE

This Note is a uniform instrument with limited variations in some jurisdictions In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses that might result if I do not keep the promises that I make in this Note That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note Some of those conditions read as follows

(A) UNTIL MY INITIAL INTEREST RATE CHANGES UNDER THE TERMS STATED IN SECTION 4 ABOVE, UNIFORM COVENANT 18 OF THE SECURITY INSTRUMENT IS DESCRIBED AS FOLLOWS

Transfer of the Property or a Beneficial Interest in Borrower. As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law

If Lender exercises this option, Lender shall give Borrower notice of acceleration The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower

MULTISTATE - 5-Year Option ARM Note - SIX-MONTH LIBOR INDEX (AS PUBLISHED IN THE WALL STREET JOURNAL) 9/2006
Form 663
*(Page 5 of 7 Pages)*

INITIALS: [signature]

(B) **AFTER MY INITIAL INTEREST RATE CHANGES UNDER THE TERMS STATED IN SECTION 4 ABOVE, UNIFORM COVENANT 18 OF THE SECURITY INSTRUMENT DESCRIBED IN SECTION 11(A) ABOVE SHALL THEN CEASE TO BE IN EFFECT, AND UNIFORM COVENANT 18 OF THE SECURITY INSTRUMENT SHALL INSTEAD BE DESCRIBED AS FOLLOWS**

**Transfer of the Property or a Beneficial Interest in Borrower** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law Lender also shall not exercise this option if (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee, and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender

To the extent permitted by Applicable Law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption Lender may also require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing

If Lender exercises this option, Lender shall give Borrower notice of acceleration The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower

INITIALS: _____

Loan No : Data ID 255

**See Prepayment Penalty Addendum attached hereto**

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED

*[signature]* (Seal)
MIKE ZITTA —Borrower

*[Sign Original Only]*

MULTISTATE - 5-Year Option ARM Note - SIX-MONTH LIBOR INDEX (AS PUBLISHED IN THE WALL STREET JOURNAL)    9/2006
Form 663
*(Page 7 of 7 Pages)*

## ALLONGE TO NOTE

For purposes of further endorsement of the following described Note, the allonge is affixed and becomes a permanent part of the Note

Note Date            June 12, 2007

Loan Amount          275,740 00

Borrower·            MIKE ZITTA

Property Address     13371 WEST CHAPAROSA WAY, PEORIA, ARIZONA 85383

---

PAY TO THE ORDER OF
AEGIS MORTGAGE CORPORATION
WITHOUT RECOURSE

AEGIS WHOLESALE CORPORATION

By _____
        JOHNNY GONZALES
Its     VP & ASST. SECRETARY
                              (Printed Name and Title)


PAY TO THE ORDER OF

**AURORA LOAN SERVICES LLC**

WITHOUT RECOURSE

AEGIS MORTGAGE CORPORATION

By _____
Its     JOHNNY GONZALES
        VP & ASST. SECRETARY
                              (Printed Name and Title)