IT IS HEREBY ADJUDGED
and DECREED this is SO
ORDERED.

Dated: March 05, 2010

_____
**SARAH S. CURLEY**
**U.S. Bankruptcy Judge**

Paul M. Levine (007202)
Matthew A. Silverman (018919)
Jessica R. Kenney, Esq., (026615)
**McCarthy ♦ Holthus ♦ Levine**
3636 North Central Avenue
Suite 1050
Phoenix, AZ 85012
Telephone: (602) 230-8726

Attorney for Movant,
Aurora Loan Services, LLC, its assignees and/or successors

UNITED STATES BANKRUPTCY COURT

DISTRICT OF ARIZONA

PHOENIX DIVISION

| | |
|---|---|
| In re:<br><br>Mike Zitta,<br>Irena Zitta,<br><br>    Debtors.<br><br>Aurora Loan Services, LLC, its assignees and/or successors,<br><br>    Movant,<br><br>vs.<br><br>Mike Zitta,<br>Irena Zitta, Debtors,<br><br>    Respondents. | In Proceedings Under<br><br>Chapter 11<br><br>Case No. 2:09-bk-19154-SSC<br><br><br>**ORDER ON ADEQUATE PROTECTION STIPULATION** |

The parties having agreed to the terms set forth in the Adequate Protection Stipulation, attached hereto as **Exhibit "1"**, are bound by the terms of their stipulation which shall be the Order of this Court.

IT IS SO ORDERED:

Dated: _____          By: _____
                                     Honorable Sarah S. Curley
                                     United States Bankruptcy Court Judge

Paul M. Levine (007202)
Matthew A. Silverman (018919)
Jessica R. Kenney, Esq., (026615)
**McCarthy ♦ Holthus ♦ Levine**
3636 North Central Avenue
Suite 1050
Phoenix, AZ 85012
Telephone: (602) 230-8726

Attorney for Movant,
Aurora Loan Services, LLC, its assignees and/or successors

UNITED STATES BANKRUPTCY COURT

DISTRICT OF ARIZONA

PHOENIX DIVISION

| | |
|---|---|
| In re:<br><br>Mike Zitta,<br>Irena Zitta,<br><br>    Debtors.<br><br>Aurora Loan Services, LLC, its assignees and/or successors,<br><br>    Movant,<br><br>vs.<br><br>Mike Zitta,<br>Irena Zitta, Debtors,<br><br>    Respondents. | In Proceedings Under<br><br>Chapter 11<br><br>Case No. 2:09-bk-19154-SSC<br><br>**ADEQUATE PROTECTION STIPULATION** |

    Movant, Aurora Loan Services, LLC, its assignees and/or successors, ("Movant"), and the Debtors, Mike Zitta and Irena Zitta ("Debtors"), by and through their respective attorneys of record STIPULATE as follows:

    1. This Stipulation affects the real property commonly known as: 8357 West Mytrle Avenue, Glendale, AZ 85305.

2. Commencing 02/01/2010, Debtors shall make regular monthly post-petition payments under the Note and Deed of Trust to Movant, and continuing on the first day of each month thereafter, under the terms of the Note and Deed of Trust, until plan confirmation.
3. Payments shall be made directly to Movant, Aurora Loan Services, LLC, Attn: Cashiering, P. O. Box 173930, Denver, CO 80217-3930, with reference to Loan Number XXXXXX4124, or as otherwise directed.
4. In addition to regular monthly payments, Debtor shall cure post-petition arrears in the sum of $9,835.85, in 90 days, by making three equal payments in the amount of $3,278.62, each; on 02/15/2010, 03/15/2010, and 04/15/2010. Said sum represents the post-petition delinquency itemized below:

| 5 | Monthly Payments at (09/01/2009 through 01/01/2010) | $1,807.17 | $9,035.85 |
|---|---|---|---|
|   | Bankruptcy attorney fees and costs: |   | $800.00 |
|   | Total default in the amount of: |   | $9,835.85 |

5. Debtors shall timely perform all of their obligations under Movant's loan documents as they come due, including but not limited to the payment of real estate taxes, maintaining insurance coverage, Chapter 11 Plan payments, and any and all senior liens.
6. In the event Debtors fail to timely perform any of the obligations set forth in this stipulation, Movant shall notify Debtors and their counsel of the default in writing. Debtors shall have ten (10) calendar days from the date of the written notification to cure the default, plus an additional $100.00 for attorneys' fees.
7. If Debtors cure the default by 05/01/2010, the Automatic Stay will be reinstated.
8. If Debtors fail to timely cure the default, Movant shall be entitled to lodge an Order Terminating the Automatic Stay. The Order shall be entered without further hearing. The automatic stay shall be immediately terminated and extinguished for all purposes as to Movant, and Movant may proceed with and hold a trustee's sale of the subject property, pursuant to applicable state law, and without further Court Order of proceeding

being necessary, commence any action necessary to obtain complete possession of the subject Property, including unlawful detainer, if required.

9. If Debtors default on the obligations set forth herein on more that three (3) occasions, Movant may lodge a Declaration and Order Terminating the Automatic Stay. The Order shall be entered without further hearing. The automatic stay shall be immediately terminated and extinguished for all purposes as to Movant and Movant may proceed with and hold a Trustee's sale of the subject property, pursuant to applicable state law, and without further Court Order of proceeding being necessary, commence any action necessary to obtain complete possession of the subject Property, including unlawful detainer, if required.

IT IS SO STIPULATED:

**McCarthy ♦ Holthus ♦ Levine**

Dated: 2-26-10

Jessica R. Kenney, Esq.
Attorney for Movant

Dated: 2-25-10

Joseph W. Charles, Esq.
Attorney for Debtors