BRIAN A. PAINO (AZ BN 027091)
KYLE J. SHELTON (AZ BN 027379)
PITE DUNCAN, LLP
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933
Telephone: (858) 750-7600
Facsimile: (619) 590-1385
kshelton@piteduncan.com

Attorneys for   AURORA LOAN SERVICES, LLC

UNITED STATES BANKRUPTCY COURT

DISTRICT OF ARIZONA - PHOENIX DIVISION

| | |
|---|---|
| In re<br><br>MIKE ZITTA AND IRENA ZITTA,<br><br>    Debtor(s). | Case No. 2:09-BK-19154-SSC<br><br>Chapter 11<br><br>STIPULATION GRANTING ADEQUATE PROTECTION |
| AURORA LOAN SERVICES, LLC,<br><br>    Movant,<br><br>  vs.<br><br>MIKE ZITTA AND IRENA ZITTA, Debtor(s); and MIKE ZITTA AND IRENA ZITTA, Chapter 11 Trustee,<br><br>    Respondents. | DATE: May 26, 2010<br>TIME: 1:30 p.m.<br>CTRM: 701 |

This Stipulation is entered into by and between the Secured Creditor, Aurora Loan Services, LLC (hereinafter "Movant"), and Mike Zitta and Irena Zitta (hereinafter "Debtors"), by and through their respective attorneys of record.

The property which is the subject of this matter (the "Real Property") is commonly known as 13371 West Chaparosa Way, Peoria, Arizona 85383, which is more fully described as follows:

> LOT 40, VISTANCIA VILLAGE A PARCEL G4, ACCORDING TO THE PLAT RECORDED IN BOOK 719 OF MAPS, PAGE 29, AS RECORDED IN THE PUBLIC RECORDS OF MARICOPA COUNTY, ARIZONA

THE PARTIES STIPULATE AS FOLLOWS:

1.  Debtors shall tender regular monthly payments in the amount of $1,593.67 to Movant, which amount is subject to change, pursuant to the terms of the subject Note (the "Note"), commencing June 1, 2010, and continuing until all such outstanding amounts under the Note are to be paid in full.

2.  The pre-petition arrears are calculated as follows:

| | | |
|---|---|---|
| 3/1/09 – 8/1/09 | 6 payments @ $1,848.78 | $11,092.68 |
| 9/1/09 – 12/1/09 | 4 payments @ $1,593.67 | 6,374.68 |
| Late Charges | | 185.25 |
| Escrow Shortage | | 1,086.32 |
| BPO Fee | | 95.00 |
| Property Inspections | | 48.00 |
| Foreclosure Fees and Costs | | 1,611.35 |
| Post-Petition Attorneys' Fees and Costs | | 300.00 |
| Total Arrears | | $20,793.28 |

3.  Debtors shall file a Chapter 11 Plan to include treatment of pre-petition arrearage owed to Movant as itemized in Paragraph 2.

4.  The post-petition arrears are calculated as follows:

| | | |
|---|---|---|
| 1/1/10 – 5/1/10 | 5 payments @ $1,593.67 | $7,968.35 |
| Attorneys' Fees and Costs | | 800.00 |
| Total Arrears | | $8,768.35 |

5.  In addition to regular monthly payments, Debtors shall also tender payments to Movant in the sum of $974.26, commencing June 15, 2010, and continuing through and including January 15, 2011 when all post-petition arrears due and owing under the Note, in the current sum of $8,768.35, are paid in full. Payments are to be remitted to: Aurora Loan Services, LLC, 10350 Park Meadows Drive, Littleton, CO 80124.

6.  Debtors shall maintain real property taxes and real property hazard insurance paid current for the Real Property, and provide proof of said insurance to Movant on a timely basis.

7.  All payments may be accepted by Movant without prejudice to any foreclosure proceedings regarding the property.

/./././

8. In the event of any future default on any of the above-described provisions, inclusive of this Stipulation, Movant shall provide written notice to Debtors at Mike Zitta and Irena Zitta 15592 West Roanoke Avenue Goodyear, AZ 85395, and to Debtors' attorney of record, Joseph W. Charles, at Law Offices of Joseph W. Charles, P.C. P.O. Box 1737 Glendale, AZ 85311-1737 , indicating the nature of the default. If Debtors fail to cure the default with certified funds after the passage of fifteen(15) calendar days from the date said written notice is placed in the mail, then Movant may file an Ex Parte Declaration of Non-Cure and an Order Terminating the Automatic Stay with the court. Upon entry of said Order Terminating the Automatic Stay, the automatic stay shall be immediately terminated as to Movant, and Movant may proceed to foreclose its security interest in the Real Property under the terms of the Note and Deed of Trust and pursuant to applicable state law and thereafter commence any action necessary to obtain complete possession of the Real Property without further order or proceeding of this Court.

9. The acceptance by Movant of a late or partial payment shall not act as a waiver of Movant's right to proceed hereunder.

10. Movant shall comply with the above provisions as to the first three (3) defaults. Upon the fourth default, under the above-described provisions above, Movant shall immediately be entitled to file an Ex Parte Declaration of Non-Cure and an Order Terminating Automatic Stay with the court as to Movant. Upon entry of said Order Terminating Automatic Stay, the automatic stay shall be immediately terminated as to Movant, and Movant may proceed to foreclose its security interest in the Real Property under the terms of the Note and Deed of Trust and pursuant to applicable state law and thereafter commence any action necessary to obtain complete possession of the Real Property without further order or proceeding of this Court.

11. In the event that Movant is granted relief from the automatic stay, the parties hereby stipulate that the 14-day stay provided by Bankruptcy Rule 4001(a)(3) is waived.

12. If Debtors provide proof of additional post-petition payments received and negotiated by Movant, the requirement to make an additional payment to Movant pursuant to paragraph three (3) herein shall be revised accordingly.

/././

13. In the event that the Debtors default under this Stipulation and Movant forwards a 10-day letter to Debtors, they shall be required to tender $50.00 for each default letter submitted in order to cure the default.

14. The foregoing terms and conditions shall be binding only during the pendency of this bankruptcy case. If, at any time, the stay is terminated with respect to the Real Property by court order or by operation of law, the foregoing terms and conditions shall cease to be binding and Movant may proceed to enforce its remedies under applicable non-bankruptcy law against the Real Property and/or against the Debtors.

15. In the event this case is converted to a Chapter 7 proceeding the Automatic Stay shall be terminated without further notice, order, or proceedings of the court. If the Automatic Stay is terminated as a matter of law, the terms of this Order shall immediately cease in effect and Movant may proceed to enforce its remedies under applicable non-bankruptcy law against the property and/or against the Debtors.

16. The terms of the Stipulation and Order Granting Adequate Protection shall not be modified by the Debtors' Chapter 11 Plan and all remaining terms and conditions of Movant's Note and Deed of Trust shall remain unimpaired by Debtors' Chapter 11 Plan.

17. Any notice that Movant shall give to Debtors, or attorney for Debtors, pursuant to this Order shall not be construed as a communication under the Fair Debt Collection Practices Act, 15 U.S.C. §1692.

/./../
/./../
/./../
/./../
/./../
/./../
/./../
/./../
/./../

18. The parties agree that a facsimile of a signature to this Stipulation can be treated as and shall have the same force and effect as an original signature. The parties further agree that this Stipulation may be executed in counterparts.

IT IS SO STIPULATED:

DATED: June 7, 2010      PITE DUNCAN, LLP

/s/ KJS 027379
KYLE J. SHELTON
Attorneys for AURORA LOAN SERVICES, LLC

DATED:

JOSEPH W. CHARLES
Attorney for Debtor(s)

1    18.   The parties agree that a facsimile of a signature to this Stipulation can be treated as
2 and shall have the same force and effect as an original signature. The parties further agree that this
3 Stipulation may be executed in counterparts.
4
       IT IS SO STIPULATED:
5
  DATED:    May 25, 2010         PITE DUNCAN, LLP
6
7
8                                 _____
                                  KYLE J. SHELTON
9                                 Attorneys for AURORA LOAN SERVICES, LLC

10
  DATED: 5-26-10                  _____ for
11                                JOSEPH W. CHARLES
                                  Attorney for Debtor(s)
12

- 5 -