| | |
|---|---|
| 1 | GERARD R. O'MEARA, ESQUIRE |
| 2 | Bar No. 002434 |
|   | Gust Rosenfeld, P.L.C. |
| 3 | 1 South Church Avenue, Suite 1900 |
|   | Tucson, Arizona 85701-1627 |
| 4 | (520) 628-7070 |
| 5 | *gromeara@gustlaw.com* |
| 6 | PROBER & RAPHAEL, A LAW CORPORATION |
|   | P. O. Box 4365 |
| 7 | Woodland Hills, California 91365-4365 |
|   | (818) 227-0100 |
| 8 | PR# C.094-6726 |
|   | Attorneys for Movant |

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| In re | ) | Bankruptcy Case No. |
| | ) | 2:09-bk-19154-SSC |
| MIKE ZITTA AND IRENA ZITTA, | ) | |
| | ) | Chapter 11 |
| Debtors. | ) | |
| _____ | ) | |
| BAC HOME LOANS SERVICING, L.P., | ) | MOTION FOR RECONSIDERATION OF |
| F/K/A COUNTRYWIDE HOME LOANS | ) | MINUTE ENTRY (DOCKET NUMBER |
| SERVICING, L.P., its assignees and/or | ) | 195) |
| successors in interest, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| MIKE ZITTA AND IRENA ZITTA, | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

      BAC Home Loans Servicing, L.P., f/k/a Countrywide Home Loans Servicing,

L.P., its assignees and/or successors in interest ("Movant"), hereby moves for reconsideration of

1

the Court's Minute Entry denying Movant's Motion for Relief from Stay filed on August 30, 2010 and vacating the preliminary hearing scheduled for October 20, 2010. The bases of the Movant's motion are set forth in the Memorandum attached hereto.

DATED this 29th day of October, 2010.

GUST ROSENFELD, P.L.C.

By /s/ Gerard R. O'Meara
Gerard R. O'Meara, Esquire
Bar No. 002434
Attorney for Movant

## MEMORANDUM

FACTS:

Movant filed its Motion for Relief from Stay on August 30, 2010. Attached to said Motion as Exhibits "A" and "B" were true and correct copies of the Note and Recorded Deed of Trust, as well as an Allonge which transferred the subject loan from Greenpoint Mortgage Funding, Inc., to Movant, BAC Home Loans Servicing, L.P., f/k/a Countrywide Home Loans Servicing, L.P.

The Minute Entry issued by the Court on October 20, 2010, contained the following statement: "The Motion asserts that the Movant is an assignee of the holder of the underlying Note, but no copy of an assignment of the Deed of Trust was provided." This was cited as the basis of the Court's denial of Movant's Motion and the basis for vacating the preliminary hearing set for October 20, 2010. Movant alleges this basis for denial is flawed and contrary to Arizona law. Movant's allegations are based on the following:

2

**(1) Movant is the Real Party in Interest because it is the Holder of the Note.**

"In order to establish a colorable claim, a movant for relief from stay bears the burden of proof that it has standing to bring the motion." In re Weisband, 427 B.R. 13, 18 (Bkrtcy.D.Ariz. 2010) (citing In re Wilhelm, 407 B.R. 392, 400 (Bankr.D.Idaho 2009)). A movant for relief from stay establishes standing by showing that it is a "real party in interest." 11 U.S.C. § 362(d) (any "party in interest" may move for relief from stay); see Fed. R. Bankr. P. 7017 (incorporating by reference Rule 17 of the Federal Rules of Civil Procedure ("FRCP")). A holder of a note is a "real party in interest" under FRCP 17 because, under the Arizona Revised Statute ("ARS") § 47-3301, the note holder has right to enforce it. See In re Weisband, 427 B.R. at 18. "Because there is no federal commercial law which defines who is a note holder, the court must look to Arizona law to determine whether [Movant] is a holder." Id. (citing In re Montagne, 421 B.R. 65, 73 (Bankr.D.Vt. 2009)). Under Arizona law, a holder of a note is defined as, *inter alia*, "the person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession." Id. (citing ARS § 47-1201(B)(21)(a)).

Here, Movant is the holder of the original note, further substantiated by the Allonge, and thus has standing to seek relief from the automatic stay.

**(2) A Separate Assignment of Deed of Trust is Not Necessary for Standing to Pursue Relief from Stay where Movant Has an Endorsement or an Allonge to the Note.**

Pursuant to ARS § 33-817, "[t]he transfer of any contract or contracts secured by a trust deed shall operate as a transfer of the security for such contract or contracts." Ariz.Rev.Stat. § 33-817. In fact, the Supreme Court of Arizona has held that a mortgage is a "mere incident to the debt," and its "transfer or assignment does not transfer or assign the debt or the note," but "the mortgage *automatically* goes along with the assignment or transfer" of the note. Hill v. Favour, 84 P.2d 575, 578 (Ariz. 1938) (emphasis added). Therefore, an assignment of the deed

3

of trust is not necessary to show standing in order to pursue relief from automatic stay where the note was properly transferred to Movant. See In re Smith, 366 B.R. 149 (Bkrtcy.D.Colo., 2007) ("[E]vidence that deed of trust note had been endorsed in blank, and that party commencing foreclosure action was holder of deed of trust note at time it sought to foreclose on deed of trust property, was sufficient as matter of law to establish that it was also holder of deed of trust, *with ability to foreclose thereon*, regardless of whether original deed of trust lender had executed separate assignment of deed of trust.")  (emphasis added); see also In re Box, 2010 WL 2228289 *2 (Bkrtcy. W.D. Mo. 2010) ("if the note is properly assigned, the deed of trust automatically goes with it, and the note is not split from the deed of trust").

REQUEST FOR RELIEF:

    Movant requests that the Court set aside its Minute Entry dated October 20, 2010 and reset the preliminary hearing on Movant's Motion for Relief from Stay.

    Respectfully submitted this 29th day of October, 2010.

                GUST ROSENFELD, P.L.C.

                By: /s/ Gerard R. O'Meara
                    GERARD R. O'MEARA, Esquire
                    Bar No. 002434